# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Eric T. Johnston,**
**Petitioner Below, Petitioner**

**vs) No. 15-0108** (Jefferson County 11-F-55 and11-F-78)

**Marvin C. Plumley, Warden, Huttonsville**
**Correctional Center,**
**Respondent Below, Respondent.**

## MEMORANDUM DECISION

Petitioner Eric T. Johnston, pro se, appeals the January 13, 2015, order of the Circuit Court of Jefferson County summarily denying his petition for a writ of habeas corpus. Respondent, by counsel Brandon C. H. Sims, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 12, 2011, petitioner entered guilty pleas in two unrelated cases, Nos. 11-F-55 and 11-F-78. In No. 11-F-55, petitioner pled guilty to breaking and entering. The circuit court sentenced petitioner to one to ten years of incarceration. Pursuant to petitioner's plea agreement with the State, the circuit court made petitioner's sentence for breaking and entering concurrent with petitioner's one to five year sentence for his conviction for failure to register as a sex offender in No. 11-F-78.[1] In the instant habeas proceeding, petitioner challenges only his conviction for breaking and entering in No. 11-F-55.

Petitioner was initially charged with breaking and entering in May of 2009. In June of 2009, the State made a plea offer pursuant to which petitioner would serve his breaking and entering sentence concurrently with a previous unrelated sentence which he was already serving. Petitioner refused the plea offer.

---

[1]Petitioner also pled guilty to misdemeanor battery and received a sentence of six months of incarceration, to be served consecutively to his felony sentences.

1

Petitioner alleges that the State retaliated against him for his rejection of its June of 2009 plea offer by not indicting him on the breaking and entering charge until April of 2011—one month before his release from incarceration in the prior case. Following his release in May of 2011, petitioner was rearrested on the breaking and entering charge and arraigned on the indictment in No.11-F-55. The May 9, 2011, arraignment order reflects that petitioner, who had counsel at that time, "waived [his right to a] speedy trial." Petitioner was released on bond until August of 2009 when he was arrested for failure to register in No. 11-F-78.

Following his guilty pleas and sentencing in Nos. 11-F-55 and 11-F-78, petitioner filed a petition for a writ of habeas corpus on July 7, 2014, challenging his breaking and entering conviction. Petitioner claimed that his right to a speedy trial was violated because the State waited from 2009 to 2011 to indict him for breaking and entering and that counsel provided ineffective assistance in not moving that the indictment be dismissed. Finding that petitioner's later claim was derivative of his former claim, the circuit court analyzed both grounds pursuant to this Court's four-factor test for assessing alleged violations of the Sixth Amendment right to a speedy trial:[2]

> A determination of whether a defendant has been denied a trial without unreasonable delay requires consideration of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant. The balancing of the conduct of the defendant against the conduct of the State should be made on a case-by-case basis and no one factor is either necessary or sufficient to support a finding that the defendant has been denied a speedy trial.

Syl. Pt. 2, *State v. Foddrell*, 171 W.Va. 54, 297 S.E.2d 829 (1982).

Based on petitioner's allegations that he repeatedly contacted his attorney from 2009 to 2011 to inquire as to when he was going to be indicted for breaking and entering, the circuit court found that the third *Foddrell* factor—assertion of the right to a speedy trial—weighed in petitioner's favor. However, the circuit court rejected petitioner's claim that his right to a speedy

---

[2] The Sixth Amendment to the United States Constitution provides, as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

The Sixth Amendment is made applicable to the several States pursuant to the Fourteenth Amendment. *See Barker v. Wingo*, 407 U.S. 514, 515 (1972).

trial was violated because the court determined the three other factors weighed against a finding that a violation occurred. The circuit court noted that in *Foddrell*, this Court found that a delay of almost six years was not violative of the right to a speedy trial,[3] that once petitioner was indicted, his right to a speedy trial was waived at arraignment; and that "[petitioner] was in no way prejudiced by the prosecution of this charge at a later time, when [petitioner] himself declined an opportunity to serve the sentence (to which he later pled guilty) at an earlier time,[4] and concurrent to another sentence, anyway." Having determined that petitioner's right to a speedy trial was not violated, the circuit court found that counsel was not ineffective in not moving to have the indictment dismissed on that ground. Accordingly, the circuit court summarily denied petitioner's habeas petition by an order entered on January 13, 2015.

Petitioner appeals the circuit court's summary denial of habeas relief. We review a circuit court's order denying a habeas petition pursuant to the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

On appeal, petitioner raises the same two claims he made in the circuit court: that his right to a speedy trial was violated because the State waited from 2009 to 2011 to indict him for breaking and entering and that counsel provided ineffective assistance in not moving that the indictment be dismissed. Like the circuit court, we address these two claims together.

First, petitioner reiterates his allegation that, by not indicting him on the breaking and entering charge until April of 2011, the State retaliated against him for his rejection of its June of 2009 plea offer. However, upon our review of petitioner's habeas petition, we find that this allegation was subject to summary denial because petitioner failed to buttress it with any

---

[3]171 W.Va. at 57, 297 S.E.2d at 832.

[4]In his habeas petition, petitioner never alleged that he is not guilty of breaking and entering and suggested, as an alternative to dismissing the charge, that the circuit court could change his effective sentence date (to the date of his initial arrest in May of 2009) so that his sentence for breaking and entering would be deemed already served. On appeal, respondent responds to petitioner's suggestion as if it were a separate issue. However, having found that petitioner's suggestion goes only to a possible remedy and that he is not entitled to habeas relief, we decline to address his suggested remedy.

supporting factual allegations. *See Losh v. McKenzie*, 166 W.Va. 762, 771, 277 S.E.2d 606, 612 (1981) ("A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing."); *see also* Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973).

Next, petitioner complains that his attorney did nothing in response to his inquiries as to when he was going to be indicted. Respondent counters that according to petitioner's habeas petition, counsel responded by advising petitioner that "the State might choose to do nothing and that, therefore, we should do nothing." We find that such advice was not unreasonable. *See Barker v. Wingo*, 407 U.S. 514, 521 (1972) (noting that delays in criminal proceedings can work to defendant's advantage).[5]

Finally, petitioner contends that in applying the *Foddrell* factors to find petitioner's right to a speedy trial was not violated, the circuit court placed too much emphasis on the fact that petitioner waived his right to a speedy trial once he was indicted. We find the circuit court's reliance on petitioner's waiver of a speedy trial, once indicted, was proper to the extent that it reflects that petitioner did not prioritize obtaining a resolution of the breaking and entering charge. While we agree with petitioner that the relevant period was before he was indicted, as respondent points out, counsel's wait-and-see approach during that timeframe was sound. *See Barker*, 407 U.S. at 521 (giving example of prosecution witnesses becoming unavailable during delay). Therefore, we find that the circuit court did not clearly err in determining that neither a speedy trial violation nor ineffective assistance of counsel occurred in petitioner's case. Therefore, we conclude that the circuit court did not abuse its discretion in summarily denying petitioner's petition for a writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 19, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry, II

---

[5]In *Barker*, the Supreme Court of the United States set forth the four-factor test we later adopted in *Foddrell*. 407 U.S. at 530; *see Foddrell*, 171 W.Va. at 55, 297 S.E.2d at 830.

4